**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


| | | |
|---|---|---|
| **GEORGE PETER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-422-WDS** |
| | ) | |
| **ROGER A. WALKER, JR.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |


## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks expungement of a disciplinary action and damages for allegedly unlawful actions. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## THE COMPLAINT

Plaintiff claims that he was denied due process of law in connection with two disciplinary actions taken against him. In the first disciplinary action, Plaintiff was charged with and found guilty of possessing dangerous contraband (two sewing needles). As a sanction, Plaintiff was placed on commissary restriction for one month. Under the commissary restriction, Plaintiff was allowed only twenty stamped envelopes per month. In addition to challenging the process due him in connection with the disciplinary action, Plaintiff claims that the restriction on stamped envelopes violated his First Amendment rights.

In the second disciplinary action, Plaintiff was charged with and found guilty of damaging the lid on his property box. As a sanction, Plaintiff was placed on "Grade B" for one month and placed on commissary restriction for one month. Plaintiff alleges that the disciplinary hearing officers - defendants Broshears and Lee - were biased against him.

Defendants Hulick, Hoffman, Walker, Murray, and Miller either approved the disciplinary actions taken by the other defendants or denied grievances concerning the two disciplinary actions filed by Plaintiff.

## DISCUSSION

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due

process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the instant case, Plaintiff was under disciplinary sanctions (commissary restriction and Grade B) for only one month. Nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claims are without merit and should be dismissed.

With regard to the potential limitation on Plaintiff's ability to send outgoing mail caused by the restriction on how many stamped envelopes he could buy, the Supreme Court has reserved its opinion on the issue of withholding an inmate's mail as a temporary disciplinary sanction.

*Procunier v. Martinez*, 416 U.S. 396, 412 n. 12 (1974). The Court has stated, however, that "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." *Id.* at 412-13. "The purpose of withholding personal mail is to make punitive isolation unpleasant, and thereby discourage improper behavior and promote security within the prison." *Little v. Norris*, 787 F.2d 1241, 1243-44 (8th Cir. 1986). Further, the Seventh Circuit has specifically upheld the denials of access to mail. *See Wells v. Franzen*, 777 F.2d 1258, 1265 (7th Cir. 1985). Even if the restriction on the number of envelopes is framed as a potential limitation on Plaintiff's access to the courts, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff has not alleged that a non-frivolous legal claim was frustrated or impeded during the time that his ability to buy stamped envelopes was restricted. Based on the foregoing, Plaintiff's allegation that the prison restricted the number of envelopes he could purchase does not rise to the level of a constitutional violation.

Finally, Plaintiff seems to contend that any person who knows about an alleged violation of the Constitution, and fails to correct the alleged violation, has also violated the Constitution. This is not correct. Only persons who cause or participate in the alleged violations are responsible. *See Greeno v. Daley*, 414 F.3d 645, 656-57(7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). Because Plaintiff has not alleged that Defendants Hulick, Hoffman, Walker, Murray, and Miller did nothing more than review and approve actions taken by the other Defendants, Plaintiff's claims against them must be dismissed.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of

this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: December 17, 2007.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**